Steven J. Serbalik, Bar No. 028191
**STEVEN J. SERBALIK, P.L.C.**
4925 E. Desert Cove Ave Unit 116
Scottsdale, Arizona 85254
Telephone:  (480) 269-1529
steveserbalik@gmail.com
*Attorney for Plaintiffs Aaron Cross and the*
*Arizona Conference of Police and Sheriffs, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Cross, individually and the Arizona Conference of Police and Sheriffs, an Arizona nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Chris Nanos, in his official capacity as Sheriff of the Pima County Sheriff's Department; Juan Carlos Navarro, in his official capacity as a Captain of the Pima County Sheriff's Department.<br><br>Defendants. | NO.<br><br>**VERIFIED COMPLAINT AND PETITION FOR A PRELIMINARY INJUNCTION** |

Plaintiff's Aaron Cross and the Arizona Conference of Police and Sheriffs ("AZCOPS") (collectively where appropriate the "Plaintiffs") for their Complaint against Chris Nanos and Juan Carlos Navarro (collectively where appropriate the "Defendants") allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. Jurisdiction is appropriate pursuant to 28 U.S.C. §1331 because Plaintiffs bring this action pursuant to 42 U.S.C. §1983 and the First and Fourteenth Amendments of the United States Constitution. This Court also has supplemental and/or pendent jurisdiction

over state constitutional, common law and statutory claims pursuant to 28 U.S.C. §1367.

2. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1988. Plaintiffs seek injunctive relief.

3. Venue is proper in this Court pursuant to A.R.S. §12-401 and 28 U.S.C. §1391 as the parties are residents and entities of Pima County and the events underlying this lawsuit occurred in Pima County, an area wholly within the District of Arizona. All parties are residents of and/or are doing business in Arizona.

## GENERAL ALLEGATIONS

4. Plaintiffs reallege and incorporate, by this reference, their claims, facts and allegations in the paragraphs above as if set forth fully therein.

5. Defendant Chris Nanos is the duly-elected Sheriff of Pima County, with the ultimate authority and responsibility to establish policy, practices, customs, procedures, protocols and training for the Pima County Sheriff's Department ("PCSD") as an official policymaker. As the elected Sheriff, Nanos has official, vicarious, direct and supervisory liability of the PCSD's officers, agents and employees.

6. Defendant Juan Carlos Navarro is a Captain with PCSD, and in that role he transmits reports and recommendations to Sheriff Nanos and other officials in Pima County, who rely upon his actions and recommendations in deciding on disciplinary actions and policy interpretations.

7. Plaintiff AZCOPS is a statewide organization dedicated to fair representation of law enforcement officers located around the State of Arizona. Plaintiff Cross is an AZCOPS member, and AZCOPS therefore provides Plaintiff Cross with legal representation and incurs costs and fees associated with this representation.

## ALLEGATIONS COMMON TO ALL COUNTS

**Aaron Cross's Employment with the Pima County Sheriff's Department**

8. Plaintiff Aaron Cross is a Pima County Sergeant and state-certified peace officer.

9. In April 2024, Defendant Nanos initiated an internal investigation and his

his employees "admonished" Plaintiff Cross due to comments he made during an off-duty interview — only to have the "investigation" closed after he filed a federal lawsuit. The parties agreed to dismiss the case with prejudice, but only after the case was mooted by the Sheriff by ceasing the chilling conduct.

10. This case represents a further chilling effect on Plaintiffs' First Amendment rights after the prior lawsuit was dismissed.

11. On October 12, 2024, Plaintiff Cross - while off duty - participated in a political event by holding a sign on a public sidewalk which stated "Deputies don't want Nanos."

12. During the October 12th political event, Plaintiff Cross was wearing personally owned clothing which, while similar in style and color to those of on-duty deputies, did not bear any insignia or badging associated with the PCSD. He was not wearing any department issued equipment. He had his personally-owned gun, handcuffs, and handcuff holder on his belt.

13. No policies of PCSD or Pima County govern what deputies can wear off duty.

14. During the political event, Plaintiff Cross was with another similarly dressed individual who was not an active member of the PCSD. No one present wore any County or PCSD insignia, and to the best of Plaintiff Cross' knowledge, no one wore any county or PCSD issued equipment.

15. Shortly after the event, Plaintiff Cross received a call from Captain Navarro, a supervisor within PCSD, who claimed there had been "complaints" that on-duty PCSD employees were engaged in a protest against Sheriff Nanos while in uniform.

16. Plaintiff Cross confirmed to Captain Navarro that he was not on duty at the time of the event, and that he was not in uniform - everything he was wearing was personally owned and purchased.

17. Captain Navarro gave Plaintiff Cross an order that if he participated in future political events, he could not wear anything which deputies wore while "on duty."

18. Plaintiff Cross asked for the policy which was associated with this order, but it

was not provided. Plaintiff Cross asked for this order to be provided in writing, and this request was also denied.

19. On October 14, 2024, Plaintiff Cross again participated in a political event while off duty, holding the same sign as on October 12th.

20. In compliance with Captain Navarro's verbal order, Plaintiff Cross was dressed in a gray "Under Armor" shirt and khaki "BDU" style pants - an outfit that to the best of Plaintiff Cross' knowledge - no one is issued or wears while on-duty for PCSD.

21. During the October 14th political event, Plaintiff Cross received a phone call and was ordered to appear in his supervisor's office in 30 minutes.

22. When Plaintiff Cross arrived at the supervisor's office, he was placed on paid administrative leave for an unspecified reason while pending an unspecified investigation. Plaintiff Cross was admonished from communicating to others that he was on administrative leave.

23. Plaintiff Cross is the head of the Pima County Deputies Organization - a labor organization that has the largest number of sworn deputies in Pima County.

24. Plaintiff Cross' admonishment - which does not even allow him to speak about the fact that he is on administrative leave - has a direct impact on his ability to communicate matters of public concern to members of his labor organization and to the public.

25. On the morning of October 15, 2024, Counsel for Plaintiff Cross sent a letter to Sean Holguin, the legal advisor for PCSD, informing him of the events and requesting - based on the fact that Plaintiff Cross was engaging in protected Free Speech activities and was not in PCSD uniform - that PCSD remove Plaintiff Cross from administrative leave and release him from the admonishment by 1500 hours [See Attachment A].

26. PCSD did not respond to Counsel's letter, remove Plaintiff Cross from administrative leave or release him from admonishment.

27. In the afternoon hours of October 15th, PCSD provided a media release related to the PCSD IA investigation into Plaintiff Cross [See Exhibit B].

28. In their PCSD media release, Defendants falsely claims that "[a]lthough Sergeant Cross was off duty, he was dressed in department issued attire."

29. Defendants knew the claim that Plaintiff Cross was dressed in department issued attire was false when PCSO issued the media release because, based on Plaintiff Cross' communication with the supervisor after the first political event, they were aware that everything Plaintiff Cross was wearing was personally owned and purchased.

30. Prior to the false press release, the Arizona Star's website ([tucson.com](tucson.com)) had released a picture of the attire of members of the protest - and noted in their caption that no PCSD insignia were present on the protestors [See Exhibit C].

31. The PCSD media release falsely claims that Plaintiff Cross' attire at the October 13th event was a "direct violation of his Commander's orders, by appearing equipped like a law enforcement officer who is associated with official duties," while ignoring the fact that Plaintiff Cross' attire was different in color and style than any of the approved clothing for on-duty deputies.

32. The PCSD media release mischaracterizes Plaintiff Cross' actions, falsely suggesting that they raised concerns related to specific regulations within the Sheriff's Office, Pima County and State and Federal Law which prohibit campaigning while representing oneself as a department member under the color of authority.

33. The Defendants' actions - placing Plaintiff Cross on administrative leave and issuing an untruthful media release - create a chilling effect on Plaintiff Cross' and AZCOPS members' First Amendment rights. Plaintiff Cross was also admonished from communicating to unauthorized persons that he was on administrative leave, further impacting Plaintiff Cross's First Amendment rights.

34. Without this Court's intervention, Defendants will continue to keep Plaintiff Cross on administrative leave and uphold its admonishment in retaliation for his speaking off-duty on a matter of public concern, further damaging and chilling Plaintiff Cross' First Amendment rights.

35. Because the majority of PCSD sworn Deputies are members of Plaintiff

AZCOPS, Plaintiff Cross' administrative leave would have a further chilling effect on the ability of AZCOPS members to exercise their First Amendment rights to comment on matters of public concern.

**Damages to Plaintiffs**

36. Plaintiff Cross suffered and continues to suffer chilling effects on his right to speak regarding matters of public concern.

37. Plaintiff AZCOPS will have thousands of dollars in legal costs and fees to represent Plaintiff Cross in fighting Defendants' actions, which do not respect the Federal and Arizona Constitutional rights of its members.

38. Plaintiffs' fear that, without this Court's intervention, Defendants will continue to inflict harm upon them by prohibiting Plaintiff Cross from speaking on matters of public concern, and by wrongfully disciplining Plaintiff Cross without respecting his constitutional rights to speak on matters of public concern.

**COUNT I**

**42 U.S.C. §1983 - Violation of Federal Constitutional Rights**

39. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

40. Plaintiff Cross has the constitutional right to be free from a deprivation of a protected interest (his right to speak on matters of public concern) without due process of law.

41. Unless otherwise specified, Defendants were at all material times acting under the color of law and in their capacity as officials and agents of their respective government agencies.

42. Defendant Nanos intentionally or recklessly allowed an employment action against Plaintiff Cross that deprived Plaintiff Cross of the ability to contribute to conversations related to matters of public concern, and failed to consider or understand the First Amendment right to freedom of speech on matters of public concern.

43. Defendant Navarro intentionally or recklessly engaged in an employment

6

action against Plaintiff Cross that deprived Plaintiff Cross of the ability to contribute to conversations related to matters of public concern, and failed to consider or understand the First Amendment right to freedom of speech on matters of public concern.

44. Plaintiff Cross and AZCOPS will face further damages and chilling effects if Defendants are allowed to keep Plaintiff Cross on administrative leave and under admonishment while proceeding with their investigation.

45. The lack of a meaningful consideration of the Federal constitutional concerns will cause actual damages to Plaintiffs in the form of time and money that will be expended to defend against Defendants unlawful actions.

46. Defendants wrongful conduct as referenced in this Complaint constitute violations of the United States Constitution, including, but not limited to, Amendments I and XIV, in that Plaintiffs were deprived of privileges and immunities guaranteed to all citizens of the Untied States by being categorically deprived of their ability to participate in speech related to matters of public concern, without proper cause, with an unconstitutional motive and malice, without equal protection and without substantive and procedural due process.

47. Defendants' wrongful conduct both actually and proximately caused damage to Plaintiff in the form of attorneys fees in an amount to be determined by the Court.

**COUNT II**

**Arizona Constitution Art. 2, §6 - Violation of State Constitutional Rights**

48. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

49. Unless otherwise specified, Defendants were at all material times acting under the color of law and in their capacity as officials and agents of their respective government agencies.

50. Defendants initiated and took part in Plaintiff Cross' orders, administrative leave, and admonishment.

51. The actions against Plaintiff Cross failed to consider his right to participate in

speech related to matters of public concern, and the protections contemplated in the Arizona Constitution - particularly Art. 2 §6 - which states - "Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

52. Defendants' wrongful conduct both actually and proximately caused damages to Plaintiffs in the form of attorneys fees in an amount to be determined by the Court.

## COUNT III

### Negligence and Gross Negligence

53. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

54. Unless otherwise specified, Defendants were at all material times acting under the color of law and in their capacity as officials and agents of their respective government agencies.

55. Defendants owed a duty to Plaintiff Cross to use care to avoid or prevent harm caused by improperly disciplining an employee.

56. Defendants owed a duty to Plaintiff Cross to ensure that his rights to participate in speech in his capacity as a private citizen on matters of public concern were protected before issuing an unlawful directive and improperly placing him on administrative leave.

57. Defendants owed a duty to Plaintiff Cross to not knowingly or recklessly make false or misleading statements about Plaintiff Cross in the media.

58. Defendants breached their duties by incompetently and illegally issuing a directive to Plaintiff Cross regarding how he must engage in his constitutionally protected speech.

59. Defendants breached their duties by incompetently and illegally placing Plaintiff Cross on administrative leave for engaging in constitutionally protected speech.

60. Defendants breached their duties by continuing to keep Plaintiff Cross on administrative leave after they were advised, in writing, through their legal representatives, that this action had a chilling effect on Plaintiff Cross' rights to speak on

matters of public concern.

61. Defendants breached their duties by issuing a PCSD media release that intentionally or recklessly included claims that Defendants knew or should have known were false and/or misleading.

62. Defendants' breach both actually and proximately caused damage to Plaintiffs in the form of attorneys fees in an amount to be determined by the Court.

## PETITION FOR A PRELIMINARY INJUNCTION

63. Plaintiffs reallege each and every allegation set forth in the paragraphs above and incorporate each allegation by this reference.

64. Upon information and belief, Defendants intend to keep Plaintiff on administrative leave and under admonishment while they proceed with an unspecified internal investigation into Plaintiff Cross.

65. Without preliminary relief, Plaintiffs would incur substantial hardship, including additional costs, the exposure of legal strategies, and a deficient appeal process that would materially harm their protected interests.

52. For these reasons, as well as those set forth in the accompanying Motion, Plaintiffs respectfully request that the Court enjoin Defendants from taking any further adverse actions against Plaintiff Cross or any member of Plaintiff AZCOPS until the Court can address the procedural an substantive concerns raised in this Complaint.

53. Although legal service of this Complaint and Petition is pending, Defendants were provided through their legal representation with actual electronic copies of the Complaint and Motion for a Preliminary Injunction via email immediately after this document was filed with the Court.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment against the Defendants as follows:

(a) For attorneys fees arising from Procedural Due Process violations in an amount to be determined by the Court;

(b) For attorneys fees arising from Substantive Due Process violations in an

amount to be determined by the Court;

(c) For attorneys fees arising from Negligence in an amount to be determined by the Court;

(d) General damages in an amount to be proved at trial, including but not limited to damages to reputation, emotional distress, lost profits, deprivation of constitutional rights, humiliation, and attorney's fees;

(e) Cost and attorneys' fees as may be allowed by law and 42 U.S.C. §1988;

(f) Interim and permanent injunctive relief to remedy past violations and to prevent further violations of Plaintiffs' rights; and

(g) Such other and further relief which is just and reasonable.

## JURY TRIAL DEMANDED

Plaintiffs request a jury trial as appropriate.

RESPECTFULLY SUBMITTED this 17th day of October, 2024.

**STEVEN J SERBALIK, P.L.C.**

By: /s/Steven J. Serbalik
Steven J. Serbalik
4925 E. Desert Cove Ave #116
Scottsdale, Arizona 85254
*Attorney for Plaintiffs Aaron Cross and the Arizona Conference of Police and Sheriffs, Inc.*

### Verification of Aaron Cross

I, Aaron Cross, under penalty of perjury, have read this Verified Complaint, and I avow that the items listed herein for which I have personal knowledge are true and accurate to the best of my knowledge.

Aaron Cross