# EXHIBIT B

## DECLARATION OF JUAN CARLOS NAVARRO

Pursuant to 28 U.S.C. § 1746, JUAN CARLOS NAVARRO hereby declares under penalty of perjury under the laws of the United States, its territories, possessions, or commonwealths that the following is true and correct:

1.  I am a Captain with the Pima County Sheriff's Department ("Department"). I make this declaration upon my own personal knowledge and belief.

2.  On October 12, 2024, I learned Department Deputy, Sergeant Aaron Cross, had engaged in apparent political campaign activity while off duty but wearing clothing appearing to be the uniform of a Department Deputy and some Detectives. If true, this would be a violation of established policies, regulations, and laws, as I am well versed in what constitutes a Department uniform. I confirmed from a photograph received on October 12, 2024 that Sergeant Cross was in fact wearing a Department uniform, even though no Department insignia or badge was observed on the clothing or could be observed from a far distance. I came to this conclusion based on the polo shirt, pants, and boots Sergeant Cross was wearing. All three items are distinctive clothing worn by Department Deputies and some Detectives. The polo shirt, pants, and boots meet Department uniform specifications for color, design and appearance. Deputies purchase these items from a supplier of uniforms for public safety personnel. The uniform is designed to permit Department Deputies and Detectives to be immediately identified and recognized as Department Deputies and Detectives. Based on my observations, I concluded Sergeant Cross intentionally dressed in a way that made him appear as a Department Deputy.

3.  I spoke with Sergeant Cross on October 12, 2024 about his political campaign activity that day while apparently wearing a Department uniform. Following my discussions with Sergeant Cross, I prepared a memorandum summarizing my interactions with Sergeant Cross. A copy of this memorandum is attached as Exhibit 1.

4.  During my conversations with Sergeant Cross, I reminded him he was free to engage in political activity while off duty but he could not dress in Department uniform or appear to be dressed in Department uniform. Sergeant Cross responded that he believed he had evaded the restriction on political speech while in Department uniform because he purchased the clothing with his own money. This made no difference because the Department does not issue uniforms but instead Department Deputies and Detectives receive a Department uniform allowance to purchase items to meet the Department uniform specifications and the items Sergeant Cross wore appeared to meet those specifications by style, design, and color. They also appeared to have been purchased from the same supplier that all Department Deputies purchase uniform items from. For these reasons, I concluded Sergeant Cross was wearing the specified items of the Department uniform for Deputies and some Detectives.

5.  During my conversation with Sergeant Cross, I told him to not wear items Department Deputies and Detectives wear when engaging in political activity off duty. I further told Sergeant Cross he could wear whatever he wanted when engaged in political campaigning,

but he could not make himself appear to be wearing a Department uniform. Sergeant Cross asked for an email stating this, which I declined to do and instead told him I was giving him an order then and there. Sergeant Cross said he would comply with my order.

6. I later learned Sergeant Cross spoke with Department Lieutenant R. O'Connor in the evening on October 12, 2024, where Sergeant Cross indicated he would comply with my order. Lieutenant O'Connor prepared a memorandum summarizing his interaction with Sergeant Cross on this day. A copy of this memorandum is attached as Exhibit 2.

7. On October 14, 2024, I learned Sergeant Cross had disobeyed the order I gave him and had once again engaged in political campaigning while wearing clothing that appeared to be the uniform worn by Department Deputies and some Detectives during operations and training. I later saw a photograph taken of him and confirmed he was wearing the uniform worn by Department Deputies and Detectives during operations and training, even wearing a tactical belt holding his holstered weapon, ammunition magazine, and handcuffs. The display of the tactical belt with an openly stored gun and handcuffs further enhanced the appearance that he was an on duty Department Deputy.

8. Based on my conversations with Sergeant Cross and the photographs I observed, I am of the opinion Sergeant Cross did in fact intentionally dress in a way that made him appear to be a Department Deputy on duty while engaging in political campaign activity and did intentionally violate the order I gave him.

9. Other members of the Department authored memorandums regarding their observations of and interactions with Sergeant Cross and his conduct discussed herein. Attached as Exhibits 3 to 8, respectively, are memorandums prepared by Department Sergeant Guy Marchal, Captain Sharlene Reis, Captain Christy Anderson, Lieutenant B. Bernstein, Sheriff Auxiliary Volunteer Gerald Collis, and Sheriff Auxiliary Volunteer Carey Conzett.

PURSUANT TO 28 U.S.C. § 1746, I HEREBY DECLARE (OR CERTIFY, VERIFY, OR STATE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED on this **25** day of October 2024.

By: _/s/ J.C. Navarro_
JUAN CARLOS NAVARRO