# EXHIBIT C



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

February 29, 2012

Xxxxxx Xxxxxxx
Assistant Xxxxxxxxx County Attorney
XXXX Xxxxxxx Xxxx
Xxxxxxxx, XX XXXXX

Re: <u>OSC File No. AD-12-XXXX</u>

Dear Xx. Xxxxxxx:

    This letter responds to your request for an advisory opinion concerning the Hatch Act. The Office of Special Counsel (OSC) is authorized pursuant to 5 U.S.C. § 1212(f) to issue opinions interpreting the Act. Specifically, you ask whether an incumbent sheriff may wear his uniform to political events such as rallies, fundraisers, and campaign booths or in printed and/or electronic campaign materials. You also ask whether a sheriff may use his title in political correspondence or in connection with fundraising activities. Finally, you ask if it makes a difference whether the sheriff engages in these activities while running for reelection, running for another elected office, or while campaigning for another candidate altogether. For purposes of this opinion, you ask OSC to assume that the sheriff is subject to the Hatch Act's restrictions. As explained in more detail below, the Act generally would not prohibit any of the activities you enumerate in your request.

    State and local employees who are covered by the Hatch Act are prohibited from using their official authority or influence to interfere with or affect the result of an election or a nomination for office.[1] 5 U.S.C. § 1502(a)(1). Federal employees are subject to the same restriction. See 5 U.S.C. § 7323(a)(1). The Hatch Act regulation that applies to federal employees states that an improper use of official authority or influence occurs when employees use their official titles while participating in political activity. 5 C.F.R. § 734.302(b)(1). In determining whether the use of official title by state and local employees violate the Hatch Act, OSC uses the aforementioned regulation for federal employees as guidance. Thus, OSC generally concludes that state and local employees violate the Hatch Act when they use their official titles, or otherwise trade on the influence of their positions by, for example, wearing their official uniforms, while engaged in political activity.

    As you know, OSC recently reevaluated this conclusion as it applies to elected officials who are covered by the Hatch Act. Specifically, in recognition of the fact that they hold partisan political office, OSC reasoned that they would not violate the Hatch Act by wearing their uniforms or using their titles while campaigning for reelection. OSC took into account the fact that Congress gave greater latitude to individuals who are covered by the Hatch Act due to their

---

[1] In addition, state and local employees are prohibited from coercing other employees into making political contributions and from being candidates in partisan elections. 5 U.S.C. § 1502(a)(2)-(3).

U.S. Office of Special Counsel
Page 2

elected positions when it exempted them from the candidacy prohibition to which other state and local employees are subject. See 5 U.S.C. § 1502(c). Moreover, the Hatch Act regulations that apply to federal employees do not contemplate a scenario where an employee would be covered by virtue of his elective office. Cf. 5 U.S.C. § 7322(1) (expressly excluding the President and Vice President from Hatch Act coverage). Thus, those regulations do not translate smoothly to the state and local arena, where many elected officials are covered by the Hatch Act.

We also note that the provision exempting individuals holding elected office from the candidacy prohibition is not limited to reelection bids. Thus, a sheriff who is covered by the Hatch Act would not be prohibited from running for another elected office. Accordingly, the rationale OSC has articulated with respect use of one's official title and uniform during a reelection campaign also applies when the official runs for some other partisan political office.

OSC's reasoning also extends to an elected official's other political activities, i.e., activities not in furtherance of his own reelection. Indeed, in allowing these elected officials to run as representatives of political parties, Congress presumably anticipated that they would endorse other candidates running under their political party's banner. If these elected officials are permitted to use their official titles in their own partisan campaigns, OSC can identify no unique harm that would result if they do the same when endorsing other partisan candidates. Arguably, an elected official's use of his title when campaigning for himself and other partisan candidates is a natural and foreseeable incident of the elected official being permitted to run for partisan office. Therefore, it does not appear that an elected official's use of his title when endorsing a partisan candidate would violate the Hatch Act. In the case of a sheriff, wearing his uniform while campaigning for another candidate also would be permissible.

These principles apply to in-person campaign events, campaign advertisements, and political correspondence. Likewise, a sheriff could attend fundraisers and solicit contributions while wearing his uniform and identifying himself as the sheriff. We note, however, that a sheriff covered by the Hatch Act still is prohibited from coercing or attempting to coerce other employees into making political contributions. See 5 U.S.C. § 1502(a)(2). Asking a subordinate to make a political contribution or volunteer for a political campaign is considered inherently coercive. Special Counsel v. Acconcia, (CB-1216-06-0007-T-1, February 26, 2007 (Initial Decision at 9), rev'd on other grounds, 107 M.S.P.R. 60 (2007), citing Special Counsel v. Purnell, 37 M.S.P.R. 184, 195 (1988), aff'd sub nom. Fela v. Merit Sys. Prot. Bd., 730 F. Supp. 779 (N.D. Ohio 1989). Where the supervisor-subordinate relationship exists, no particular words are required to establish coercion because virtually any language can be threatening. Special Counsel v. Gallagher, 44 M.S.P.R. 57, 76 (1990). Thus, sheriffs should not ask their employees to contribute to political campaigns.

Similarly, while OSC concludes that the use of official authority prohibition would not preclude a sheriff from wearing his uniform and using his official title while campaigning, this provision of the Hatch Act would prohibit him from soliciting the uncompensated volunteer services of a subordinate employee. See 5 C.F.R. § 734.302. Therefore, he must not ask his employees to support his campaign or the campaign of another candidate.

**U.S. Office of Special Counsel**
Page 3

    We hope this opinion adequately addresses your questions.  Please contact me at (202) 254-3642 if we can be of further assistance.

                              Sincerely,

                              /s/

                            Carolyn S. Martorana
                            Attorney, Hatch Act Unit