# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Cross, et al., | No. CV-24-00506-TUC-RCC |
| Plaintiffs, | **ORDER** |
| v. | |
| Chris Nanos, et al., | |
| Defendants. | |

The Court has considered Plaintiffs' Motion for a Preliminary Injunction (Doc. 2), Defendants' Response (Doc. 8), Plaintiffs' Reply (Doc. 9), and the parties' oral argument. The Court will deny the preliminary injunction but order the Pima County Sheriff's Department ("PCSD" or "Department") to clarify its policy on what off-duty employees are prohibited from wearing while engaging in political activities.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are

1    'serious questions going to the merits'—a lesser showing than likelihood of success on the

2    merits—then a preliminary injunction may still issue if the 'balance of hardships tips

3    sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell*

4    *Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance*

5    *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). The movant "has

6    the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater*,

7    184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

8          Plaintiffs have failed to meet the preliminary injunction standard. The Court finds

9    while there are serious questions going to the merits of Plaintiffs' case, the balance of

10   equities does not weigh sharply in Plaintiffs' favor, Plaintiffs have not shown irreparable

11   harm, and an injunction is not in the public interest.

12         However, the Court acknowledges the seriousness of this issue, and agrees that the

13   PCSD directive is unclear and ambiguous. The Court also understands the Department's

14   concern that Plaintiffs should not engage in political activities looking like on-duty

15   deputies (i.e. handcuffs, tactical belt, boots, Department colors, and Department issued

16   clothing).

17         The Court is concerned that these colors and clothing items are not clearly defined,

18   and that the ambiguity could have a chilling effect on others who wish to exercise their

19   right to protest while off duty. The Court can conclude from looking at the photographs

20   from Saturday, October 12, 2024, and Monday, October 14, 2024, that Plaintiff Cross was

21   certainly attempting to look like an on-duty deputy. It appears to the Court, the use of a

22   firearm, handcuffs, tactical gear, and boots was done with this intention, and the Hatch Act

23   precludes such conduct. *See* 5 U.S.C. § 1502(a) (Under the Hatch Act, "[a] State or local

24   officer or employee may not . . . use his official authority **or influence** for the purpose of

25   interfering with or affecting the result of an election or a nomination for office.") (emphasis

26   added)); *see also U.S. Office of Special Counsel Letter*, Ex. C, Doc. 8-7 at 2 ("[S]tate and

27   local employees violate the Hatch Act when they . . . **trade on the influence of their**

28   **positions** . . . ."). And yet, the Court is equally concerned about PCSD's ambiguous

1  description of what attire violates the Hatch Act.

2  **The Court notes there is nothing wrong with the sign that was being held.**

3  Plaintiffs have a right to protest and express their displeasure with the current regime. But

4  this must be done in a manner in which the public cannot conclude or perceive that there

5  are deputies on duty participating in such protest. The Court is perplexed at where to draw

6  the line.

7  And so, the Court will require Defendants to submit a more definite description of

8  what clothing an off-duty employee is prohibited from wearing, including colors, clothing

9  types, and any other indices it believes create the appearance of official authority in

10  violation of the Hatch Act.

11  IT IS ORDERED that Plaintiffs' Motion for Preliminary Injunction is DENIED.

12  (Doc. 2.)

13  IT IS FURTHER ORDERED within twenty-four (24) hours of the docketing of this

14  Order, Defendants shall submit a document specifying limitations on the clothing, color,

15  or accoutrements that PCSD off-duty deputies are prohibited from wearing while engaging

16  in political activities.

17  Dated this 28th day of October, 2024.

18

19

20

21  _____

Honorable Raner C. Collins
Senior United States District Judge

22

23

24

25

26

27

28