Steven J. Serbalik, Bar No. 028191
**STEVEN J. SERBALIK, P.L.C.**
4925 E. Desert Cove Ave Unit 116
Scottsdale, Arizona 85254
Telephone: (480) 269-1529
steveserbalik@gmail.com
*Attorney for Plaintiffs Aaron Cross and the*
*Arizona Conference of Police and Sheriffs, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Cross, individually and the Arizona Conference of Police and Sheriffs, an Arizona nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Chris Nanos, in his official capacity as Sheriff of the Pima County Sheriff's Department; Juan Carlos Navarro, in his official capacity as a Captain of the Pima County Sheriff's Department.<br><br>Defendants. | NO. CV-24-00506-TUC-RCC<br><br>**MOTION FOR CLERK'S ENTRY OF DEFAULT AND SUPPORTING AFFIDAVIT** |

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiffs move for a clerk's entry of default against Defendants Chris Nanos and Juan Carlos Navarro.

## **BACKGROUND**

Plaintiffs filed their Verified Complaint and Petition for a Preliminary Injunction [Doc. 1] on October 17, 2024. On October 21, 2024, the Court ordered that Plaintiffs serve the summons, complaint, and a copy of the Court's Order on Defendants [see Doc. 6]. Defendants, however, were served the Verified Complaint, the Motion for Preliminary Injunction, and associated documents, via process server on October 21, 2024, prior to the

Court's Order [See Doc. 7]. Therefore, on October 21, 2024, Plaintiffs, through counsel, emailed the Court's Order, along with copies of the documents, directly to Sean Holguin - an attorney and legal advisor to the Sheriff's Department - at his official email address, and to the Defendants' official Sheriff's Department email addresses [See Doc. 7]. On that same day, Mr. Holguin acknowledged receipt of the Order and provided that attorney Rick Rollman will be the attorney representing Defendants in this matter [See Doc. 7].

Given that Defendants were fully served on October 21, 2024, in compliance with the Court's Order [Doc. 6], Defendants' deadline to file responsive pleadings was November 12, 2024 [Fed. R. Civ. P. 12(a)(1)(A)(i)]. To date, Defendants have not filed responsive pleadings to Plaintiffs' Complaint.

## ARGUMENT

The Clerk should enter a default because Plaintiffs seek affirmative relief in their Verified Complaint, Defendants have been served, and Defendants failed to timely file responsive pleadings to defend the claims made against them. Federal Rule of Civil Procedure 55(a) provides that the clerk's entry of default is mandatory, stating that: "When a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter a party's default."

## CONCLUSION

Plaintiff respectfully requests a clerk's entry of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).

DATED: November 13, 2024

**STEVEN J SERBALIK, P.L.C.**

By:   /s/Steven J. Serbalik
Steven J. Serbalik
4925 E. Desert Cove Ave #116
Gilbert, Arizona 85254
*Attorney for Plaintiffs Aaron Cross and the Arizona Conference of Police and Sheriffs, Inc.*