**BOSSÉ ROLLMAN PC**
3507 NORTH CAMPBELL AVENUE, SUITE 111
TUCSON, ARIZONA 85719   520.320.1300

Richard M. Rollman SB#004116
rollman@bosserollman.com
Kevin J. Kristick SB#033070
kristick@bosserollman.com
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Cross, individually and the Arizona Conference of Police and Sheriffs, an Arizona nonprofit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, in his official capacity as Sheriff of the Pima County Sheriff's Department; Juan Carlos Navarro, in his official capacity as Captain of the Pima County Sheriff's Department,<br><br>Defendants. | No. 4:24-cv-00506-RCC<br><br>**ANSWER** |

Defendants Sheriff Chris Nanos and Captain Juan Carlos Navarro answer the Complaint as follows:

### JURISDICTIONAL ALLEGATIONS

1. Answering ¶ 1 of the Complaint, Defendants admit jurisdiction is appropriate based on the allegations of the Complaint but affirmatively allege no wrongful conduct complained of actually occurred.

2. Answering ¶ 2 of the Complaint, Defendants admit this Court has jurisdiction based on the allegations of the Complaint but affirmatively allege no wrongful conduct complained of actually occurred and the Court denied Plaintiffs' request for injunctive relief. *See* Doc 11.

3. Answering ¶ 3 of the Complaint, Defendants admit venue is proper but deny

the wrongful conduct complained of actually occurred.

## GENERAL ALLEGATIONS

4. Answering ¶ 4 of the Complaint, Defendants reallege their responses to ¶¶ 1-3 of the Complaint as if fully set forth herein.

5. Defendants admit ¶ 5 of the Complaint.

6. Defendants admit ¶ 6 of the Complaint.

7. Defendants admit ¶ 7 of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

**Aaron Cross' Employment with the Pima County Sheriff's Department ("PCSD")**

8. Defendants admit ¶ 8 of the Complaint.

9. Answering ¶ 9 of the Complaint, Defendants affirmatively allege Plaintiffs in May 2024 filed suit in federal court and sought a preliminary injunction in another matter against Sheriff Nanos and other defendants arising from a claim those defendants chilled Plaintiffs' speech, causing Plaintiffs to request the Court enjoin PCSD from taking any employment action against Plaintiffs or even investigate complaints made to Internal Affairs about Plaintiffs, both then and in the future. This extraordinary request was denied by Hon. James A. Soto. *See generally* Order (July 25, 2024) (Case No. CV-24-00232-TUC-JAS). The case was dismissed shortly thereafter. Defendants deny the remaining allegations of ¶ 9.

10. Defendants deny ¶ 10 of the Complaint.

11. Defendants admit ¶ 11 of the Complaint.

12. Answering ¶ 12 of the Complaint, Defendants are without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore deny same. Notwithstanding, Defendants affirmatively allege Sergeant Cross dressed in PCSD uniform or at the very least appeared as if he was dressed in PCSD uniform in violation of the Hatch Act, as amended, and established policies, regulations, and laws. *See generally* U.S.C. §§ 7321-7326; 5 U.S.C. §§ 1501-1508.

13.    Defendants deny ¶ 13 of the Complaint.

14.    Answering ¶ 14 of the Complaint, Defendants admit another individual participated in the campaign activity alongside Sergeant Cross, this individual is not a current member of PCSD, and Defendants are without information or knowledge sufficient to form a belief about the truth as to the remaining allegations and therefore deny same. Notwithstanding, Defendants affirmatively allege Sergeant Cross dressed in PCSD uniform or at the very least appeared as if he was dressed in PCSD uniform in violation of the Hatch Act, as amended, and established policies, regulations, and laws. *See generally* U.S.C. §§ 7321-7326; 5 U.S.C. §§ 1501-1508.

15.    Defendants admit ¶ 15 of the Complaint.

16.    Answering ¶ 16 of the Complaint, Defendants admit Sergeant Cross told Captain Navarro that he was not on duty while engaging in campaign activity and affirmatively allege the substance of this conversation is summarized in Captain Navarro's declaration (Doc. 8-5).

17.    Answering ¶ 17 of the Complaint, Defendants admit Captain Navarro ordered Sergeant Cross to not dress in PCSD uniform or appear as if dressed in PCSD uniform while engaging in campaign activity and affirmatively allege the substance of this conversation is summarized in Captain Navarro's declaration (Doc. 8-5).

18.    Answering ¶ 18 of the Complaint, Defendants admit Sergeant Cross asked for the order to be put in writing which Captain Navarro declined because he was giving Sergeant Cross the order then and there with Sergeant Cross responding he would comply with the order. Defendants affirmatively allege the substance of this conversation is summarized in Captain Navarro's declaration (Doc. 8-5).

19.    Defendants admit ¶ 19 of the Complaint.

20.    Answering ¶ 20 of the Complaint, Defendants affirmatively allege Sergeant Cross violated Captain Navarro's order and dressed in PCSD uniform or at the very least

1  appeared as if he was dressed in PCSD uniform in violation of the Hatch Act, as amended, and established policies, regulations, and laws. *See generally* U.S.C. §§ 7321-7326; 5 U.S.C. §§ 1501-1508.

21. Answering ¶ 21 of the Complaint, Defendants are without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore deny same. Notwithstanding, Defendants admit Sergeant Cross received a call on October 14, 2024 to appear in his supervisor's office.

22. Answering ¶ 22 of the Complaint, Defendants admit Sergeant Cross was placed on administrative leave with pay and deny the remaining allegations.

23. Defendants admit ¶ 23 of the Complaint.

24. Defendants deny ¶ 24 of the Complaint.

25. Answering ¶ 25 of the Complaint, Defendants admit Counsel for Plaintiffs sent a letter on October 15, 2024 and deny the remaining allegations.

26. Answering ¶ 26 of the Complaint, Defendants admit PCSD did not respond to the letter or remove Sergeant Cross from administrative leave with pay and affirmatively allege Sergeant Cross was not told he could not inform others he was placed on administrative leave with pay.

27. Answering ¶ 27 of the Complaint, Defendants admit PCSD issued a media release on October 15, 2024.

28. Defendants deny ¶ 28 of the Complaint.

29. Defendants deny ¶ 29 of the Complaint.

30. Defendants deny ¶ 30 of the Complaint.

31. Defendants deny ¶ 31 of the Complaint.

32. Defendants deny ¶ 32 of the Complaint.

33. Defendants deny ¶ 33 of the Complaint.

34. Defendants deny ¶ 34 of the Complaint.

35. Defendants deny ¶ 35 of the Complaint.

## Damages to Plaintiffs

36. Defendants deny ¶ 36 of the Complaint.

37. Defendants deny ¶ 37 of the Complaint.

38. Defendants deny ¶ 38 of the Complaint.

## COUNT I

### 42 U.S.C. § 1983 – Violation of Federal Constitutional Rights

39. Answering ¶ 39 of the Complaint, Defendants reallege their responses to ¶¶ 1-38 of the Complaint as if fully set forth herein.

40. Defendants admit ¶ 40 of the Complaint but affirmatively allege no wrongful conduct complained of actually occurred.

41. Defendants admit ¶ 41 of the Complaint but affirmatively allege no wrongful conduct complained of actually occurred.

42. Defendants deny ¶ 42 of the Complaint.

43. Defendants deny ¶ 43 of the Complaint.

44. Defendants deny ¶ 44 of the Complaint.

45. Defendants deny ¶ 45 of the Complaint.

46. Defendants deny ¶ 46 of the Complaint.

47. Defendants deny ¶ 47 of the Complaint.

## COUNT II

### Arizona Constitution Art. 2, § 6 – Violation of State Constitutional Rights

48. Answering ¶ 48 of the Complaint, Defendants reallege their responses to ¶¶ 1-47 of the Complaint as if fully set forth herein.

49. Defendants admit ¶ 49 of the Complaint but affirmatively allege no wrongful conduct complained of actually occurred.

50. Answering ¶ 50 of the Complaint, Defendants admit Sergeant Cross received

an order and was placed on administrative leave with pay as described above, and deny the remaining allegations.

51. Defendants deny ¶ 51 of the Complaint.

52. Defendants deny ¶ 52 of the Complaint.

## COUNT III

### Negligence and Gross Negligence

53. Answering ¶ 53 of the Complaint, Defendants reallege their responses to ¶¶ 1-52 of the Complaint as if fully set forth herein.

54. Defendants admit ¶ 54 of the Complaint but affirmatively allege no wrongful conduct complained of actually occurred.

55. Answering ¶ 55 of the Complaint, Defendants allege their duties are determined by their public office and applicable public policy and deny the remaining allegations.

56. Answering ¶ 56 of the Complaint, Defendants allege their duties are determined by their public office and applicable public policy and deny the remaining allegations.

57. Answering ¶ 57 of the Complaint, Defendants allege their duties are determined by their public office and applicable public policy and deny the remaining allegations.

58. Defendants deny ¶ 58 of the Complaint.

59. Defendants deny ¶ 59 of the Complaint.

60. Defendants deny ¶ 60 of the Complaint.

61. Defendants deny ¶ 61 of the Complaint.

62. Defendants deny ¶ 62 of the Complaint.

….

## PETITION FOR A PRELIMINARY INJUNCTION[1]

63. Answering ¶ 63 of the Complaint, Defendants reallege their responses to ¶¶ 1-62 of the Complaint as if fully set forth herein.

64. Defendants deny ¶ 64 of the Complaint.

65. Defendants deny ¶ 65 of the Complaint.

66. Defendants deny ¶ 66[2] of the Complaint.

67. Defendants admit ¶ 67[3] of the Complaint.

## GENERAL DENIAL

68. Defendants deny each and every allegation of the Complaint not specifically responded to herein.

## FAILURE TO STATE A CLAIM

69. Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

70. Defendants allege that the Complaint fails to state a claim for the reason that the claims alleged in the Complaint are official capacity claims but fail to allege a constitutional violation resulting from a custom or policy.

71. Defendants allege that the Complaint fails to state a claim for the reason that placing someone on administrative leave with pay subject to an investigation does not create a specific duty to protect a person from the investigation.

72. Defendants allege that the Complaint fails to allege a sufficient basis, reason for or amount of damages related to the general damages requested.

## AFFIRMATIVE DEFENSES

73. Defendants restate and incorporate their Response to Motion for a Preliminary Injunction (Doc. 8) as if fully set forth herein.

---

[1] Court denied request on October 28, 2024. *See* Doc. 11.
[2] Complaint inadvertently calls this paragraph 52.
[3] Complaint inadvertently calls this paragraph 53.

BOSSÉ ROLLMAN PC
3507 NORTH CAMPBELL AVENUE, SUITE 111
TUCSON, ARIZONA 85719   520-320-1300

74. Defendants are entitled to immunity to the extent they were acting in compliance with the standards of the Hatch Act, as amended, and/or established policies, regulations, and laws. *See generally* U.S.C. §§ 7321-7326; 5 U.S.C. §§ 1501-1508.

75. Defendants are entitled to immunity with respect to the state law claims based on A.R.S. § 12-820.01 for the reason that placing someone on administrative leave with pay subject to an investigation conducted in accordance with the rules and policies adopted by the PCSD involve the exercise of an administrative function involving the determination of fundamental governmental policy.

76. Plaintiffs' state law claims are barred for failure to comply with the notice requirements of A.R.S. § 12-821.01. The statute requires that before filing a complaint a claim must first be submitted to Defendants and to persons authorized to accept claims on behalf of the Sheriff containing sufficient facts to permit the Defendants to understand the legal basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.

77. Defendants may discover other affirmative defenses as this matter proceeds and reserve the right to assert those affirmative defenses at that time. Therefore, Defendants allege each and every defense available under FED. R. CIV. P. 8(c) to the extent such defense may become applicable as disclosure and/or discovery proceeds.

## ATTORNEY'S FEES

78. Defendants are entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, having fully answered the Complaint, Defendants request:

A. Plaintiffs' Complaint be dismissed with prejudice;

B. Defendants are awarded their reasonable attorney's fees and costs incurred; and

C. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED November 14, 2024.

          BOSSÉ ROLLMAN PC

        By: /s/ Kevin J. Kristick
          Richard M. Rollman
          Kevin J. Kristick
          Attorneys for Defendants

**CERTIFICATE OF SERVICE**

  I hereby certify that, on November 14, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Steven J. Serbalik
STEVEN J. SERBALIK, P.L.C.
Unit 116
4925 East Desert Cove Avenue
Scottsdale, Arizona 85254
steveserbalik@gmail.com
Attorneys for Plaintiffs


By: /s/ Bille Jo Labby