**BOSSE ROLLMAN PC**
3507 North Campbell Avenue, Suite 111
Tucson, Arizona 85719
Telephone: (520) 320-1300
Richard M. Rollman SB#004116
rollman@bosserollman.com
Kevin J. Kristick SB#033070
kristick@bosserollman.com
*Attorneys for Defendants*

Steven J. Serbalik, Bar #028191
**STEVEN J. SERBALIK, P.L.C.**
4925 E. Desert Cove Ave #116
Scottsdale, Arizona 85254
Telephone: (480) 269-1529
steveserbalik@gmail.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aaron Cross, individually and the Arizona Conference of Police and Sheriffs, an Arizona nonprofit corporation,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>Chris Nanos, in his official capacity as Sheriff of the Pima County Sheriff's Department; Juan Carlos Navarro, in his official capacity as Captain of the Pima County Sheriff's Department,<br><br>　　　　　　　Defendants. | No: CV-24-00506-TUC-RCC<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT** |

In accordance with this Court's Order setting a Rule 16 scheduling conference [Doc. 16], the parties submit the following Joint Proposed Case Management Report.

**1. THE PARTIES WHO ATTENDED THE RULE 26(f) MEETING AND ASSISTED IN DEVELOPING THE CASE MANAGEMENT REPORT**

Steven J. Serbalik on behalf of Plaintiffs, and Richard M. Rollman and Kevin J. Kristick on behalf of Defendants.

**2. A LIST OF THE PARTIES IN THE CASE**

<u>**Plaintiffs**</u>:   Aaron Cross

Arizona Conference of Police and Sheriffs

<u>**Defendants:**</u> Chris Nanos, in his official capacity as Sheriff of the Pima County Sheriff's Department.

Juan Carlos Navarro, in his official capacity as Captain of the Pima County Sheriff's Department.

**3. STATEMENT OF THE CASE**

**Plaintiffs:**

Plaintiffs alleges that the Pima County Sheriff Department's ("PCSD") actions regarding Plaintiff Cross' off-duty political activity are unconstitutional. Plaintiffs allege the PCSD is impermissibly restricting Plaintiff Cross' expressive conduct as a citizen speaking on matters of public concern and creating a chilling effect on the First Amendment rights of Plaintiff Cross and members of Plaintiff Arizona Conference of Police and Sheriffs.

In October 2024, Plaintiff Cross, a Pima County Sergeant, took part in off-duty protests on a public sidewalk. After an October 12th political event, Captain Navarro informed Plaintiff Cross that he could not wear anything during his protests which deputies wore while on duty. Plaintiff Cross complied with this request when he protested again on October 14th - wearing his own (non-PCSD issued) clothing with not a single decal, logo, patch or marking identifying him as a PCSD employee. However, despite wearing clothes generally available to the public and looking nothing like a PCSD uniform, Plaintiff Cross was notified during the event to report to his supervisors office, where he was placed on

administrative leave and issued an admonishment.

Subsequent to Plaintiff Cross being placed on leave, the PCSD provided a knowingly false media release. Plaintiff Cross was unable to publicly address this as he was, and continues to be, unable to speak about the facts behind his protest with other members of the PCSD or the media without risking disciplinary action due to his admonishment. Defendants, pursuant to this Court's order, also submitted a document purporting to "clarify" the items that members of PCSD may or may not wear while engaging in off-duty protests, and Plaintiffs believe the submitted clarification is unconstitutional.

**Defendants:**

Defendants contend Plaintiff PCSD Sergeant Aaron Cross was at all times free to express his political views while off duty, subject to a restriction that he may not do so while in uniform or appear as if he is in uniform. This restriction is constitutional and lawful. The restriction originates in the Hatch Act, as amended, 5 U.S.C. §§ 7321-7326, made applicable to employees of state and local agencies receiving federal funds. *See generally* 5 U.S.C. §§ 1501-1508. Plaintiffs' claims that the restriction is an unconstitutional restraint on free speech have been rejected by the United States Supreme Court. *U.S. Civ. Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548, 564 (1973) ("Although Congress is free to strike a different balance than it has, if it so chooses, we think the balance it has so far struck is sustainable by the obviously important interests sought to be served by the limitations on partisan political activities now contained in the Hatch Act.").

Other than Sergeant Cross, no other member of Plaintiff Arizona Conference of Police and Sheriffs has claimed they participated in the underlying facts of the Complaint or alleged an injury. The allegations of the Complaint focus primarily on Sergeant Cross and his participation in political campaign activity while off duty but wearing clothing intentionally selected to appear as the uniform worn by PCSD Deputies and some

Detectives. Sergeant Cross was told he could wear whatever he wanted when engaged in political campaigning, but he could not dress in PCSD uniform or make himself appear to be wearing a PCSD uniform. Sergeant Cross was subsequently ordered to not wear a PCSD uniform or appear as if wearing a PCSD uniform while engaged in political campaigning. Sergeant Cross said he would comply with the order. Nevertheless, two days later Sergeant Cross violated the order and once again engaged in political campaigning while wearing clothing that appeared to be the uniform worn by PCSD Deputies and some Detectives. Defendants contend Sergeant Cross knew he was dressed in PCSD uniform or at the very least knew his dress made him appear as if he was in PCSD uniform in violation of the Hatch Act and established policies and regulations of Pima County and PCSD.

**4.    THE JURISDICTIONAL BASIS FOR THE CASE, DESCRIBING THE BASIS FOR JURISDICTION AND CITING SPECIFIC JURISDICTIONAL STATUTES**

This Court has jurisdiction over this case under 28 U.S.C. § 1331 because Plaintiffs assert federal claims under 42 U.S.C. § 1983. In addition, the Court has supplemental jurisdiction over related claims pursuant to 28 U.S.C. § 1367.

**5.    LIST OF THE ELEMENTS OF PROOF NECESSARY FOR EACH COUNT OF THE COMPLAINT AND EACH AFFIRMATIVE DEFENSE**

**Plaintiffs:**

<u>Count I</u>: 42 U.S.C. § 1983 - Violation Federal Constitutional Rights

Elements of proof for the violation of Plaintiffs' First Amendment rights:

1. Plaintiff Aaron Cross was subject to an adverse employment action

2. Plaintiff Aaron Cross was engaged in constitutionally protected speech

3. The protected speech was a substantial motivating factor for the adverse action

4. Other members of Plaintiff AZCOPS face a chilling effect on exercising their right to constitutionally protected speech based upon the threatened employment actions that they may face pursuant Defendants' actions.

*Ulrich v. City and Cnty of San Francisco*, 308 F.3d 968 (9th Cir. 2002)

Count II: Arizona Constitution Art 2, § 6 - Violation of State Constitutional Rights

Elements of proof for the violation of Plaintiffs' State Constitutional rights:

1. Plaintiff Aaron Cross was subject to an adverse employment action

2. Plaintiff Aaron Cross was engaged in constitutionally protected speech

3. The protected speech was a substantial motivating factor for the adverse action

4. Other members of Plaintiff AZCOPS face a chilling effect on exercising their right to constitutionally protected speech based upon the threatened employment actions that they may face pursuant Defendants' actions.

Though the terms of the Arizona Constitution provide greater protections for free speech than the US Constitution's First Amendment, claims related to Arizona's constitutional protection of free speech are often analyzed similar to the standards used to analyze federal First Amendment claims. *Brush & Nib Studio, LC v. City of Phoenix*, 448 P.3d 890, 902 (Ariz. 2019).

Count III: Negligence and Gross Negligence

1. Defendants owed plaintiffs a duty of care

2. Defendants breached that duty

3. The breach was the legal cause of the plaintiffs' injuries

4. The plaintiffs suffered damages

*Gibson v. Kasey*, 150 P.3d 228, 230 (2007)

**Defendants:**

Sergeant Cross is subject to the restrictions of the Hatch Act because he is an employee of a local agency financed whole or in part by federal funding. 5 U.S.C. § 1502(a)(1) applies to state and local officers and employees and incorporates the same restriction federal employees are subject to under 5 U.S.C. § 7323(a)(1). This same restriction, applicable to both federal employees and Sergeant Cross, states an employee "may not … use his official authority or influence for the purpose of interfering with or affecting the result of an election." 5 U.S.C. § 1502(a)(1); 5 U.S.C. § 7323(a)(1). This

restriction on political activity created by the Hatch Act is made specific and clear by a comprehensive scheme of Federal Regulations set out in 5 C.F.R. Part 734 pertaining to political activities of federal employees. The regulations address in detail the meaning of terms and conduct that are both permitted and prohibited and include examples to further explain the requirements of the Hatch Act.

Sergeant Cross violated the Hatch Act by wearing clothing that appeared to identify him as a PCSD Deputy. First, an employee may not take advantage of their governmental position to affect an election. *See* 5 C.F.R. § 734.302(a)-(b)(1). Sergeant Cross did this. Second, Sergeant Cross was prohibited from wearing any item similar to a PCSD uniform while engaged in political campaigning. *See* 5 C.F.R. § 734.306(a)(2). Yet, Sergeant Cross did it anyways.

Even if the Hatch Act does not apply, which Defendants contend it does, Defendants have acted reasonably and consistently with established policies and regulations of Pima County and PCSD. Pima County Law Enforcement Merit System Rule ("LEMSR") XIV-1(B) prohibits Pima County employees from "us[ing] any official authority or influence in any way to affect the result of any political election or nomination." Sergeant Cross, as a PCSD Deputy and Pima County employee, is subject to this restriction under LEMSR II-3(A). Moreover, Sergeant Cross' conduct also violated Pima County Personnel Policy ("PCSP") 8-119, made applicable to Plaintiffs under PCSP 8-100(A). Lastly, Sergeant Cross' conduct also violated Pima County Board of Supervisors Policy D 23.9.

The claims against Defendants in their representational capacity are claims against the employer. Because the constitutionality of the Hatch Act has been established, the only path to liability is that the enforcement of it was done in an unconstitutional manner. However, there is no evidence that the type of enforcement which might be argued is unconstitutional is part of a custom, policy or practice to enforce the Hatch Act in an unconstitutional manner. *See Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2021). The claim against the employer therefore fails.

To the extent the claims are asserted against Defendants in their individual capacity, they are entitled to qualified immunity because there has not been a clearly established right of a sheriff's deputy to engage in political activity while appearing to be dressed as a law enforcement officer. *Id.*

Defendants are entitled to immunity with respect to the state law claims based on A.R.S. § 12-820.01 for the reason that placing someone on administrative leave with pay subject to an investigation conducted in accordance with the rules and policies adopted by the PCSD involve the exercise of an administrative function involving the determination of fundamental governmental policy.

**6.     PARTIES THAT HAVE NOT BEEN SERVED**

There are no remaining parties to be served.

**7.     AMENDMENTS OR ADDITIONAL PARTIES TO BE ADDED**

All parties have been served.

**8.     CONTEMPLATED MOTIONS AND A STATEMENT OF THE ISSUES TO BE DECIDED BY THESE MOTIONS**

Other than potential dispositive motions, there are no motions contemplated at this time.

**9.     WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A U.S. MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE OR TRIAL**

Both parties agree that this case is not suitable for reference to a United States Magistrate Judge at this time. The parties will notify the Court if they conclude that judicial assistance would be beneficial at a later date.

**10.    THE STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR OTHER JUDGES OF THIS COURT**

Not Applicable

**11.    PRESERVATION, DISCLOSURE, OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION PURSUANT TO RULES 16(b)(3), 26(f)(3)**

**Plaintiffs:** Plaintiffs are unaware of any preservation, disclosure, or electronically stored information issues as to any potential evidence that may be in their possession.

**Defendants:** Defendants are unaware of any preservation, disclosure, or electronically stored information issues as to any potential evidence that may be in their possession.

**12.  ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT**

The parties do not foresee any issues but will work collaboratively to address any claims of privilege or work product protection as they arise.

**13.  WHETHER AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502(d) IS WARRANTED**

The parties are not aware of any issues that would require an order at this time.

**14.  DESCRIPTION OF ANY ISSUES PERTAINING TO INITIAL DISCLOSURES**

There are no issues pertaining to initial disclosures the Court needs to resolve.

**15.  NECESSARY DISCOVERY PURSUANT TO RULE 26(b)(1)**

**a.  The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case**

**Plaintiffs:** Plaintiffs intend to depose approximately six members of the Pima County Sheriff's Department regarding the implementation and application of the Police Department's policies related to employee's engagement in off-duty political speech, as well as approximately six individuals who attended the political activities with Plaintiff Cross. The specific identities of those to be deposed will be determined after written discovery. Plaintiffs also intend to conduct written discovery on issues related to the application of any policies and procedures regarding employee's engagement in off-duty political speech.

Plaintiffs anticipate that all discovery will take place in Pima County, and maintain that the proposed discovery is proportional to the needs of the case because it will be focused on the parties' core claims and defenses.

**Defendants:** Defendants intend to depose Sergeant Cross and any other member of Arizona Conference of Police and Sheriffs who claim to have suffered harm resulting from

the underlying facts of the case. Defendants intend to depose individuals who were present with Sergeant Cross during the political activities. The specific identities of those to be deposed will be determined after disclosure and written discovery. Defendants also intend to conduct written discovery on issues related to Plaintiffs' claims.

Defendants anticipate that all discovery will take place in Pima County, and maintain that the proposed discovery is proportional to the needs of the case because it will be focused on the parties' core claims and defenses.

  **b.** **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

**Plaintiffs:** None

**Defendants:** None.

  **c.** **The number of hours permitted for each deposition**

The parties propose that depositions be limited to seven hours.

  **16.** **PROPOSED DATES FOR SERVING INITIAL DISCOVERY RESPONSES**

| | |
|---|---|
| **Plaintiffs:** | February 7, 2025 |
| **Defendants:** | February 7, 2025 |

**17. PROPOSED DATES FOR EACH OF THE FOLLOWING**:

a. Motions to amend the complaint and join additional parties: April 4, 2025

b. Disclosure of witnesses under Fed. R. Civ. P. 26(a)(2)

  Lay Witness Disclosure: May 23, 2025

  Expert Witness Disclosure: May 2, 2025

  Rebuttal Expert Witness Disclosure: June 6, 2025

c. The completion of all discovery, including final supplementation of discovery responses: July 3, 2025

d. Deadline for filing dispositive motions: August 1, 2025

e. Deadline for filing settlement status reports: April 4, 2025 (and every 90 days thereafter)

    f.    Deadline for filing Joint Proposed Pretrial Order:    September 5, 2025

(or if dispositive motion is pending, thirty days after the Court rules on dispositive motion)

**18. WHETHER A JURY TRIAL HAS BEEN REQUESTED AND WHETHER THE REQUEST FOR A JURY TRIAL IS CONTESTED (IF THE REQUEST IS CONTESTED, BRIEFLY SET FORTH THE REASONS)**

Plaintiffs requested a trial by jury.

**19. THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS**

The parties do not believe that settlement is likely before the resolution of any dispositive motions, but will keep the Court notified should settlement prospects develop.

**20. ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY RULE 1 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

None at this time.

RESPECTFULLY SUBMITTED this 19th day of December, 2024.

**STEVEN J SERBALIK, P.L.C.**

By /s/Steven J. Serbalik
Steven J. Serbalik
4925 E. Desert Cove Ave #116
Scottsdale, Arizona 85254
*Attorney for Plaintiffs Aaron Cross and the Arizona Conference of Police and Sheriffs, Inc.*

BOSSÉ ROLLMAN PC

By /s/ Kevin J. Kristick (with permission)

Richard M. Rollman
Kevin J. Kristick
3507 North Campbell Avenue, Suite 111
Tucson, Arizona 85719
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2024, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing, causing a copy to be electronically transmitted to the following ECF registrants:

Richard M. Rollman
Kevin J. Kristick
3507 North Campbell Avenue, Suite 111
Tucson, Arizona 85719
rollman@bosserollman.com
kristick@bosserollman.com
*Attorneys for Defendants*

By /s/ Steven J. Serbalik