Bossé Rollman pc
3507 North Campbell Avenue, Suite 111
Tucson, Arizona 85719    520.320.1300

Richard M. Rollman SB#004116
rollman@bosserollman.com
Kevin J. Kristick SB#033070
kristick@bosserollman.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Aaron Cross, individually and the Arizona Conference of Police and Sheriffs, an Arizona nonprofit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Chris Nanos, in his official capacity as Sheriff of the Pima County Sheriff's Department; Juan Carlos Navarro, in his official capacity as Captain of the Pima County Sheriff's Department,<br><br>Defendants. | No. 4:24-cv-00506-RCC<br><br>**RESPONSE TO MOTION FOR LEAVE TO FILE PLAINTIFFS' AMENDED COMPLAINT** |
|---|---|

Defendants Pima County Sheriff Chris Nanos and Pima County Sheriff's Department ("Department") Captain Juan Carlos Navarro respond in opposition to Motion for Leave to File Plaintiffs' Amended Complaint ("Motion") (Doc. 22). This Opposition is supported by the accompanying Memorandum of Points and Authorities and all matters of record incorporated herein by reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

Without admitting fault or committing waiver, Defendants oppose some but not all of Plaintiffs' proposed Amended Complaint. Defendants object to and oppose any additions included in the Amended Complaint not related to the limited scope of the Complaint – Plaintiff Department Sergeant Aaron Cross engaging in political campaign activity

intentionally dressed in Department uniform or appearing as if in Department uniform on October 12, 2024 and October 14, 2024, and subsequent placement of Sergeant Cross on administrative leave with pay related thereto. All additions included in the proposed Amended Complaint not arising out of this limited scope of the Complaint should therefore not be included because they do not relate back to the Complaint, which is the sole basis for the proposed Amended Complaint advanced in the Motion. *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading[.]").

## II. STANDARD USED TO DETERMINE WHETHER TO GRANT LEAVE TO AMEND.

Although Courts are advised to freely grant leave to amend when justice so requires, there are limitations such as undue prejudice to Defendants and futility of the amendment:

> Generally, Rule 15 advises the court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:
>
> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. 227. *See also Allen v. City of Beverly Hills*, 911 F.2d 367, 373, (9th Cir.1990) (citing *Foman* factors, as well as "previous amendment"); *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir.1981).

Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973) (stating that "the

crucial factor is the resulting prejudice to the opposing party")[.] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1052 (9th Cir. 2003). "A futile amendment is one that is clearly frivolous or advances a claim that is legally insufficient on its face, suggesting no colorable grounds for relief. To determine whether an amendment is futile, a court should perform a test comparable to that required by Rule 12(b)(6)." *Sullivan v. Schweikhard*, 968 F.Supp 910, 916 (S.D.N.Y. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. ANALYSIS.

This section proceeds in the order presented in the proposed Amended Complaint and refers to the applicable sections of the proposed Amended Complaint by name.

#### A. "COMPELLED QUESTIONS REGARDING LABOR ACTIVITY."

Paragraphs 47 through 54 refer to an alleged sexual assault unrelated to and that did not "arise out of the [limited] conduct, transaction, or occurrence" set out in the Complaint. There is no relation between holding a "Deputies Don't Want Nanos" sign dressed in Department uniform or appearing as in uniform as plead in the Complaint and the alleged sexual assault. Therefore, these paragraphs should not be included in the Amended Complaint because they do not relate back to the Complaint. *See* Rule 15(c)(1)(B).

Additionally, including these paragraphs in the Amended Complaint unfairly prejudices Defendants because it drastically expands the scope of the litigation in a way unrelated to the central claim contained in the Complaint and at a time when Sergeant Cross has not exhausted his administrative remedies contained in the Pima County Law Enforcement Merit System Rules before raising said claim.[1] This failure to exhaust administrative remedies also makes this portion of the Amended Complaint futile because it

---

[1] Sergeant Cross was served with a Notice of Intent to Dismiss on April 7, 2025. A pre-action meeting was held on April 11, 2025. It is likely Sergeant Cross will be disciplined and an appeal before the Law Enforcement Merit System Council will follow. *See generally* Pima County Law Enforcement Merit System Rules XIII-4; A.R.S. § 38-1001 *et seq*. This disciplinary process must proceed before raising claims related thereto to this Court.

would not survive a Rule 12(b)(6) motion.

B. "NO DUE PROCESS."

For the reasons set forth in Section III(A) of this Opposition, paragraph 57 of the proposed Amended Complaint should not be included in the Amended Complaint.

C. "PCSD CHANGES POLICY REGARDING LABOR ORGANIZATIONS."

Paragraphs 59 through 65 refer to a purported policy change regarding labor organizations unrelated to and not "aris[ing] out of the [limited] conduct, transaction, or occurrence" set out in the Complaint. There is no relation between holding a "Deputies Don't Want Nanos" sign dressed in Department uniform or appearing as in uniform as plead in the Complaint and the purported policy change. Therefore, these paragraphs should not be included in the Amended Complaint because they do not relate back to the Complaint. *See* Rule 15(c)(1)(B).

Additionally, including these paragraphs in the Amended Complaint unfairly prejudices Defendants because it drastically expands the scope of the litigation in a way unrelated to the central claim contained in the Complaint.

D. "COUNT II."

For the reasons set forth in Section III(C) of this Opposition, Count II of the proposed Amended Complaint should not be included in the Amended Complaint.

E. "COUNT III."

For the reasons set forth in Section III(C) of this Opposition, Count III of the proposed Amended Complaint should not be included in the Amended Complaint.

F. "COUNT IV."

To the extent Count IV of the proposed Amended Complaint relies on those portions of the proposed Amended Complaint opposed herein, including but not limited to paragraphs 51 and 59, those portions of the proposed Amended Complaint should not be included in the Amended Complaint. Moreover, Count IV of the proposed Amended Complaint should not

be included in the Amended Complaint in its entirety because it seeks to bring a retaliation claim before having filed the required charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as discussed further in Section IV of this Opposition. Therefore, Count IV of the proposed Amended Complaint is futile because it would not survive a Rule 12(b)(6) motion.

G.   "COUNT V."

To the extent Count V of the proposed Amended Complaint relies on those portions of the proposed Amended Complaint opposed herein, including but not limited to paragraphs 51 through 53, those portions of the proposed Amended Complaint should not be included in the Amended Complaint.

H.   "COUNT VII."

This count alleges a state law claim for purported violation of the Peace Officers' Bill of Rights. This state law claim is barred for failure to comply with the notice requirements of A.R.S. § 12-821.01. The statute requires that before filing a complaint a claim must first be submitted to Defendants and to persons authorized to accept claims on behalf of the Defendants containing sufficient facts to permit the Defendants to understand the legal basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. These notice requirements did not occur. Therefore, Count VII is futile and would not survive a Rule 12(b)(6) motion and should therefore not be included in the Amended Complaint.

I.   "COUNT IX."

This count alleges a state law claim for purported violation of a Pima County Ordinance. This state law claim is barred for failure to comply with the notice requirements of A.R.S. § 12-821.01. The statute requires that before filing a complaint a claim must first be submitted to Defendants and to persons authorized to accept claims on behalf of the Defendants containing sufficient facts to permit the Defendants to understand the legal basis

on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. These notice requirements did not occur. Therefore, Count IX is futile and would not survive a Rule 12(b)(6) motion and should therefore not be included in the Amended Complaint.

Additionally, Count IX is unrelated to and did not "arise out of the [limited] conduct, transaction, or occurrence" set out in the Complaint. There is no relation between holding a "Deputies Don't Want Nanos" sign dressed in Department uniform or appearing as in uniform as pled in the Complaint and the purported policy change. Therefore, these paragraphs should not be included in the Amended Complaint because they do not relate back to the Complaint. *See* Rule 15(c)(1)(B).

Lastly, including these paragraphs in the Amended Complaint unfairly prejudices Defendants because it drastically expands the scope of the litigation in a way unrelated to the central claim contained in the Complaint.

### IV. PLAINTIFFS MUST PROCEED WITH THE EEOC COMPLAINT PROCESS BEFORE SEEKING TO ADD RETALIATION CLAIMS IN THE AMENDED COMPLAINT.

Most of the proposed additions to the Amended Complaint revolve around claimed retaliation against Defendants. Defendants deny such wrongdoing. Moreover, although the Complaint does not specify, Defendants presume the retaliation arguments are based on Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e *et seq*. To the extent Plaintiffs claim retaliation under these theories, these claims are barred because Plaintiffs must first file these claims with the Equal Employment Opportunity Commission ("EEOC"). *See Fort Bend Cty., Texas v. Davis*, 139 S.Ct. 1843, 1846 (2019) ("As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the Equal Employment Opportunity Commission (EEOC or Commission). § 2000e–5(e)(1), (f)(1)."). Because no EEOC complaint was filed, all portions of the proposed Amended Complaint alleging retaliation and seeking relief related thereto are futile and would not survive a Rule 12(b)(6) motion due to Plaintiffs failure to exhaust their administrative

remedies before seeking to add these claims to the Amended Complaint. Therefore, all paragraphs related to retaliation and relief related thereto should not be included in the Amended Complaint.

## V. CONCLUSION.

For the reasons set forth herein, Defendants request those portions of the proposed Amended Complaint opposed herein not be included in the Amended Complaint. Further, Defendants propose the Court orders the parties to meet and confer regarding Plaintiffs resubmitting a proposed Amended Complaint that addresses and complies with this Opposition and requests made herein.

RESPECTFULLY SUBMITTED April 17, 2025.

BOSSÉ ROLLMAN PC

By: /s/ Kevin J. Kristick
Richard M. Rollman
Kevin J. Kristick
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that, on April 17, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Steven J. Serbalik
STEVEN J. SERBALIK, P.L.C.
Unit 116
4925 East Desert Cove Avenue
Scottsdale, Arizona 85254
steveserbalik@gmail.com
Attorneys for Plaintiffs


By: /s/ Bille Jo Labby