1  **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9   Aaron Cross, et al.,                          No. CV-24-00506-TUC-RCC

10              Plaintiffs,                        **ORDER**

11  v.

12  Chris Nanos, et al.,

13              Defendants.

14

15       Pending before the Court is Plaintiffs' Motion for Leave to Amend. (Doc. 22.) The

16  motion is fully briefed. (Docs. 23, 24, 26.) For the following reasons, the Court grants the

17  motion in part and dismisses in part.

18  **I.     Background**

19       Plaintiff Aaron Cross is a Pima County Sheriff's Department ("PCSD") Sergeant

20  and a member of Plaintiff Arizona Conference of Police and Sheriffs, an Arizona nonprofit

21  corporation that provides Cross with legal representation. On October 12 and October 14,

22  2024, Plaintiff Cross participated in political protests by holding a sign on a public sidewalk

23  which stated, "Deputies don't want Nanos," while wearing clothing similar to that worn by

24  on-duty officers. Plaintiff Cross was later placed on administrative leave.

25       Plaintiffs filed suit on October 17, 2024, alleging: (1) a violation of Plaintiffs' First

26  and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, (2) a violation of Cross's

27  State Constitutional rights under Art. 2 §6 of the Arizona Constitution, and (3) negligence

28  and gross negligence. (Doc. 1 at 6–7.) Plaintiffs filed a Motion for Leave to Amend the

1   Complaint on April 4, 2025, alleging new retaliation claims as a result of an interview

2   conducted on February 20, 2025, and Defendants' subsequent restriction of labor union

3   speech in March of 2025. (Doc. 22-2 at 7.) Defendants filed their response, arguing the

4   additional facts and claims were unrelated to the original complaint and vastly expanded

5   the scope of discovery. (*See* Doc. 23.) Defendants also argue (1) prejudice, (2) futility, and

6   (3) failure to exhaust administrative remedies. (*See id.*) The discovery deadlines are stayed

7   pending the Court's decision on amendment. (Doc. 28.)

8   ## II.   Legal Standard

9   When a party is not entitled to amend its pleading as a matter of course, "a party

10   may amend its pleading only with the opposing party's written consent or the court's

11   leave." Fed. R. Civ. P. 15(a)(2). A party may amend its pleading to add a claim when that

12   claim "arose out of the conduct, transaction, or occurrence" set forth in the original

13   pleading. Fed. R. Civ. P. 15(c). However, amendments do not relate back to the original

14   complaint when the amended claim "asserts a new ground for relief supported by facts that

15   differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545

16   U.S. 644, 650 (2005).

17   "The standard for granting leave to amend is generous." *United States ex rel. Lee v.*

18   *Corinthian Colls*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police*

19   *Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)). In determining whether to allow amendment, a

20   court evaluates "bad faith, undue delay, prejudice to the opposing party, futility of

21   amendment, and whether the plaintiff has previously amended the complaint." *Id.* (citing

22   *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). Of these factors,

23   Defendants argue prejudice and futility.

24   ## III.   Analysis

25   ### a.  New claims arise out of the conduct set forth in the original Complaint.

26   Defendants first argue that several of the new claims do not relate to the

27   original Complaint because there is no relation between holding a "Deputies Don't Want

28   Nanos" sign and the proposed amendments. (Doc. 23 at 2.)  The Court does not agree.

1        Paragraphs 36–65, 78–125, and 131–136 directly stem from the conduct alleged in

2  the original Complaint—Cross's alleged deprivation of free speech—because the new

3  claims allege that Defendants violated Cross' constitutional rights in a subsequent

4  interview that was part of the investigation into his participation in the October protests.

5  Specifically, the new claims allege due process and free speech violations

6  stemming from this interview. Moreover, Cross alleges that as part of this compelled

7  interview, Defendant Navarro questioned Cross about his role as a labor group leader.

8  Further, following the interview, the PCSD put out an order to the Training Center that

9  trainers and staff cannot discuss union membership with recruits. Cross alleges that this

10  order by PCSD is retaliation for Cross's off-duty political activity and labor activities,

11  specifically the two protests at issue in this case. The alleged compelled interview and

12  the order by PCSD to prohibit discussions about union membership arose from Cross's

13  conduct in October of 2024 and arose from his status as a labor group leader, which was

14  in question because of his October 2024 conduct. Therefore, the proposed amendments

15  directly relate back to the original claims.

16        **b.  Defendants are not prejudiced by the First Amended Complaint**

17        "Prejudice to the opposing party that carries the greatest weight" in assessing the

18  propriety of leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

19  (9th Cir. 2003). A party is prejudiced from an amended complaint when the amendments

20  rely on different theories of liability and compel different discovery from the original

21  claims. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). The party

22  opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v.*

23  *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

24        Defendants argue that they would be prejudiced by proposed Paragraphs 47–54, 57,

25  59–65, Counts II–V, and Count IX because the amendments expand the scope of the

26  litigation in a way unrelated to the central claim contained in the Complaint. (*See* Doc. 23.)

27  However, Defendants will not be prejudiced by amendment because "this case is still at

28  the discovery stage with no trial date pending, nor has a pretrial conference been

1  scheduled." *DCD Programs, Ltd.*, 833 F.2d at 188. Further, the proposed amendments do

2  not rely on an entirely different theory of liability nor compel separate discovery. The

3  allegations directly stem from the October 2024 events and Defendants were on notice that

4  any action related to Cross' protest, investigation, and administrative leave may result in

5  discoverable evidence.

### c. Counts VII and IX are not properly plead, but may be remedied with amendment

8  "[A] proposed amendment is futile only if no set of facts can be proved under the

9  amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v.*

10  *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998), *overruled on other grounds by,*

11  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The "proper test to be applied when determining

12  the legal sufficiency of a proposed amendment is identical to the one used when

13  considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v.*

14  *King*, 644 F.3d 776, 788 (9th Cir. 2011), *aff'd en banc*, 681 F.3d 1041 (9th Cir. 2012).

15  Federal Rule of Civil Procedure 8 requires that a pleading must contain a "short and

16  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

17  8(a)(2). Such a statement must "give the defendant fair notice of what the plaintiff's claim

18  is and the grounds upon which it rests." *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*,

19  945 F.3d 1076, 1086 (9th Cir. 2019) (quoting *Pickern v. Pier 1 Imports, Inc.*, 457 F.3d 963,

20  968 (9th Cir. 2006)). To survive a Rule 12(b)(6) motion, the allegations in the complaint

21  must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft*

22  *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

23  (2007)). In addition, the court must construe the complaint in the light most favorable to

24  the plaintiff and accept as true the factual allegations of the complaint. *Twombly*, 550 U.S.

25  at 555–56.

26  Defendants argue that Plaintiffs fail to satisfy the state law notice of claim

27  requirements pursuant to A.R.S. § 12-821.01. (Doc. 23 at 5–6.) The statute requires that

28  "[p]ersons who have claims against a public entity . . . or a public employee shall file claims

1   . . . within one hundred eighty days after the cause of action accrues. . . . Any claim that is

2   not filed within one hundred eighty days after the cause of action accrues is barred and no

3   action may be maintained thereon." A.R.S. § 12-821.01(A). "A notice of claim that satisfies

4   A.R.S. § 12-821.01 is a necessary prerequisite to filing a lawsuit against a public entity."

5   *Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 423 P.3d 403, 405 (Ariz. Ct. App. 2018).

6   Failure to comply with the statute "bars any claim against the entity or employee." *Harris*

7   *v. Cochise Health Sys.*, 160 P.3d 223, 231 (Ariz. Ct. App. 2007) (internal citations omitted).

8         Plaintiffs have not pled that they filed a notice of claim in their Amended Complaint,

9   nor do Plaintiffs address the Notice of Claim issue in their reply, but argue simply that the

10   new allegations were still within the statutory timeframe and could be raised in a separate

11   complaint. (Doc. 26 at 5.) However, the state claims—which occurred February 20 and

12   March of 2025—are still within the 180-day statute of limitations. Arizona courts have

13   dismissed complaints with leave to amend for failing to file a notice of claim. *See Slaughter*

14   *v. Maricopa Cnty.*, 258 P.3d 141, 142 (Ariz. App. 2011). And while the parties could

15   litigate these new claims in a separate lawsuit, Count XII and IX are so interconnected with

16   the original claims that they could be brought in this suit if Plaintiffs properly allege a

17   notice of claim. Therefore, the Court will dismiss Plaintiffs' Count XII and IX without

18   prejudice because the proposed Amended Complaint has not sufficiently pled that Plaintiffs

19   filed a notice of claim, a prerequisite to filing in federal court. In addition, because this

20   matter has been pending since the deadline for amending pleadings, the Court will extend

21   the deadline to file a Second Amended Complaint resolving the deficiencies in the First.

22
23         **d. Plaintiff Cross need not exhaust his administrative remedies before bringing allegations under 42 U.S.C. § 1983**

24       Under 42 U.S.C. § 1983, Plaintiff Cross need not exhaust his administrative

25   remedies to litigate his constitutional rights in federal court. *See Patsy v. Board of Regents*,

26   457 U.S. 496, 500 (1982) ("exhaustion of state administrative remedies should not be

27   required as a prerequisite to bringing an action pursuant to § 1983"); *see Jackson v. Fong*,

28   870 F.3d 928, (finding that while prisoners challenging prison conditions must exhaust

1    administrative remedies under the Prisoner Litigation Reform Act, non-prisoners with §

2    1983 claims do not); *see also Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009)

3    ("The language of the statute is plain and unambiguous—the exhaustion requirement

4    applies only to 'prisoners.'")

5        Defendants argue that Plaintiff Cross needs to exhaust his administrative remedies

6    contained within the Pima County Law Enforcement Merit System Rules and with the

7    Equal Employment Opportunity Commission, but Defendants assume these claims of

8    retaliation are raised pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §

9    2000e *et seq*. (Doc. 23 at 6–7.); *see e.g. Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541,

10   543 (2019) ("As a precondition to the commencement of a Title VII action in court, a

11   complainant must first file a charge with the Equal Employment Opportunity

12   Commission"). However, Plaintiff Cross is bringing the allegations under §1983. Thus,

13   Plaintiff Cross does not need to exhaust his administrative remedies.

14       For the reasons stated herein, **IT IS ORDERED:**

15   1) Plaintiffs' Motion for Leave to Amend is **GRANTED IN PART and DENIED in**

16       **PART.** (Doc. 22.)

17   2) Counts VII and IX are **DISMISSED WITHOUT PREJUDICE**.

18   3) The remaining counts in the First Amended Complaint shall proceed.

19   4) Plaintiffs may file a Second Amended Complaint within twenty-one (21) days of

20       this Order.

21   5) Defendants shall have twenty-one (21) days from the deadline of the Second

22       Amended Complaint to file a responsive pleading, regardless of whether an

23       amendment is filed.

24       Dated this 14th day of July, 2025.

Honorable Raner C. Collins
Senior United States District Judge